```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
BINARAPPS S.P. Z.O.O.,                                        :
                                                             :
                                       Plaintiff,            :          1:23-cv-10752-GHW
                                                             :
                         -v –                                :          REMAND ORDER
                                                             :
POCKETBROKER; *and* ANIS ATTARWALA,                          :
                                                             :
                                       Defendants.           :
                                                             :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

> This case was removed from the Supreme Court of the State of New York, County of New York, on December 11, 2023. Dkt. No. 1. As the basis for this Court's subject matter jurisdiction, Defendants invoke 28 U.S.C. § 1332, asserting that the parties are diverse and that the amount in controversy is over $75,000. Dkt. No. 1 ¶¶ 5–8. Defendants also waive any objections to service. *Id.* ¶ 11 ("Defendants have not yet been <u>served</u> with the underlying action but hereby consent and accept service by way of this Notice of Removal."). Because Defendants asserted that the parties were diverse but did not provide sufficient information to the Court to determine whether complete diversity existed and the citizenship of at least one Defendant appeared to be in contravention of the forum defendant rule under 28 U.S.C. § 1441(b)(2), the Court issued an order to show cause why this case should not bed remanded to state court on December 14, 2023 (the "Order to Show Cause"). Dkt. No. 4. Defendants responded later that day. Dkt. No. 5.

> The Court finds that Defendants have failed to carry their burden of showing subject matter jurisdiction and that, therefore, remanding this matter is appropriate. Defendants' response explains that Plaintiff "is a Polish corporation with its headquarters located" in Lodz, Poland. Dkt. No. 5. Defendants fail to respond, however, to the Court's explanation that the forum defendant rule appears to deprive the Court of diversity jurisdiction over this case. Dkt. No. 4 at 3. Indeed,

Defendants' response provides no legal argument and simply asserts that Defendants' answer is due on December 19, 2023 under Federal Rule of Civil Procedure 81(c)(2)(A).  Dkt. No. 5.

For any case removed from a state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Even where no party has raised the issue, "federal courts have an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte."  *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017) (internal quotation marks omitted) (quoting *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)).  Defendants have "the burden of establishing that removal is proper."  *Abbo-Bardley v. City of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023) (citation omitted).

Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Also called the "forum defendant rule," the application of this rule "is straightforward: a defendant is sued in a diversity action in the state courts of its home state, is served in accordance with state law, attempts to remove the case, and is rebuffed by a district court applying Section 1441(b)(2)."  *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019).  The forum defendant rule recognizes that removal based on diversity jurisdiction is intended to protect *out-of-state* defendants from possible "home town" prejudices in state court.  *Id.* at 706 (quoting *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)).

Defendants accepted service through their Notice of Removal and are citizens of New York, where the underlying action was brought.[1]  This removal is therefore in contravention of the forum defendant rule.  The Court lacks subject matter jurisdiction over this action and remands it to the

---

[1] Defendants' waiver of any objection to service is sufficient to establish the service requirement.  *See Buon v. Spindler*, 65 F.4th 64, 74–75 (2d Cir. 2023) (finding proper service where defendant had waived its right to contest whether service of process was proper).

New York Supreme Court.

The Clerk of Court is directed to remand this case to the Supreme Court of the State of New

York, County of New York, without delay.

SO ORDERED.

Dated:  December 15, 2023
        New York, New York

_____
GREGORY H. WOODS
United States District Judge